Dear Mr. Book:
You have asked for an opinion from this office interpreting L.R.S.47:2258, 2259 and 2260 with reference to the maintenance and acquisition of sewer servitudes over property recently adjudicated to East Baton Rouge Parish for non-payment of ad valorem taxes.
Specifically, you state that under Paragraph B of L.R.S. 47:2259, the "owning" parish or municipality may declare a public servitude by ordinance duly enacted after public promulgation. However, in L.R.S. 47:2260, in discussing the administration of tax adjudicated property, the statute states clearly that "during the redemptive period, the parish shall not be considered the owner of the property and shall not be liable to any person who enters upon the property for damages or any injury, death, or loss which occurs while on the property until such damage, injury, or death was caused by the intentional act or gross negligence of the parish."
Therefore, you have asked whether the liability limitation sentence of L.R.S. 47:2260 prohibits the parish from being considered the owner for purposes of establishing a public servitude by destination under Paragraph B of L.R.S. 47:2259?
In answer to your first inquiry, L.R.S. 47:2260 provides for the administration of the property by the sheriff of the parish, as owner, except that the parish will not be considered an "owner" for purposes of tort liability unless the parish was grossly negligent. This provision was inserted in this statute merely to protect the parish during the time that it holds the property under tax adjudication for accidents occurring on the property through no fault of its own. It has nothing to do with any other provision regarding the administration and/or management of the property and clearly does not limit a parishes' responsibility and duty to provide for public servitudes on property adjudicated to it for taxes. Therefore, the limitation of liability language contained in L.R.S. 47:2260 does not refer to or limit any authority contained in L.R.S. 47:2259 authorizing the establishment of a public servitude by ordinance of the owning parish.
You have also requested this office to render an opinion regarding Paragraph C of L.R.S. 47:2259 which states that a municipality shall compensate the redeeming owner if it establishes a servitude on the tax adjudicated property but such requirement is not stated in L.R.S. 47:2258
which allows a parish to acquire full ownership and management of tax adjudicated property upon the passing of an ordinance that such property is needed for a valid public purpose such as would give rise to an expropriation. You therefore ask whether the parish must compensate the redeeming owner where the parish has acquired full ownership of the property pursuant to L.R.S. 47:2258. In our opinion, compensation would be required even if the local public body declares, by ordinance, a fee ownership in the tax adjudicated property after the three (3) year redemptive period.
As we understand the statutes, L.R.S. 47:2258, which allows a parish or municipality to declare by ordinance the fee ownership of property, is more of an administrative regulation the purpose of which is to transfer all of the administrative duties and responsibilities of tax adjudicated property management from the State to the local parish or municipality. Accordingly, once a parish declares the fee ownership, the administrative agency as described in L.R.S. 47:2253 (the Public Land Administrator of the Division of Administration) no longer has any responsibility over the property, it being the sole responsibility of the parish including any liability thereof.
This is not a situation wherein the parish has actually purchased the property by virtue of an arms length transaction. Instead, it is more or less a "house keeping provision" enabling the parish to claim full ownership in administration of the property as opposed to having the property administered to a certain extent by the Public Land Administrator of the State.
Consequently, we are of the opinion that where a tax debtor redeems his property he must be compensated for the servitude pursuant to L.R.S.47:2259(C) even if the parish has declared full ownership of the property under L.R.S. 47:2258.
If we may be of further service in this matter, please advise.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General